Chief Justice Simpson
delivered the opinion of the Court,
Western sold to Short a female slave and her child, at the price of five hundred dollars, which was paid. The former had purchased her from Imbler, who had, previous to the sale, mortgaged the slave to Green. A suit in chancery was subsequently brought upon the mortgage, and the complainant having-made the appropriate allegations in his bill for the purpose procured an order requiring the sheriff to take the slaves into his possession unless the defendant Shoi't, should execute a bond to have them forthcoming to abide any order or decree the Court might make in the cause. ¡Short executed the requisite bond; and in the same suit filed a cross bill against Western his vendor, praying relief against him, in the event that the slaves were subjected to the payment of the mortgage debt. A decree was rendered, directing a sale of the slaves for the payment of three hundred dollars, and Short having failed to deliver them to the commissioner who had been appointed to make the sale ; a suit at law was brought on his bond for a breach of its stipulations and a judgment recovered against him for the debt due upon the mortgage, the interest thereon, and the costs of the suit in chancery. Having paid the amount of that judgment, •he amended his cross bill against Western stating these facts, and praying a decree against him for the amount he had been thus compelled to pay. Western answered and alleged that when he sold the slaves to Short, he was ignorant of the existence of the mortgage or that the title to the slaves was encumbered: that he had immediately upon the discovery of that fact, and before *154 the suit oil the mortgage had been instituted, made a proposition to Short to refund to him the purchase money, rescind the contract and take the slave back, which proposition he refused to accept. He contended that the slaves were of sufficient value at the time the decree was rendered in the suit upon the mortgage, to have paid that decree and also the purchase money which he had received for them from Short, and consequently that he was not liable to the latter for the amount of the decree. The Court below rendered a decree against Western on the cross bill for the full amount of the judgment at law against Short, including the cost of the common law suit; and from that decree Western has appealed.
A. covenant, of general warranty in tile sale of land is broken by a recovery of dower against the vendee, and the measure of recovery against the vendor is regulated by the value of the dower interest: v5 B. Monroe, 341.)
The principle question is as to the extent-of Western’s liability to Short on his warranty of title. Had Short no right to redress unless he permitted the slaves to be sold to satisfy the debt due upon the mortgage, or had he a right to discharge the incumbrance, and look to his vendor for indemnity ? Western was not entitled to a rescisión of the contract, because he had sold the property without any .knowledge that the title was incumbered, but it was his duty to have removed the in-cumbrance to secure the property to his vendee. If he failed to do it, his vendee had a right to do it himself, and in equity he became responsible to him. for the amount he was compelled to pay to accomplish that object, unless the vendor was entitled to a rescisión of the contract, he had no right to insist upon a sale of the slaves for the payment of the debt due on the mortgage, and of the purchase money due to his vendee. The vendee was entitled to the benefit of his purchase, and was under no obligations to surrender it for the advantage of the vendor, who had not according to any equitable doctrine a right to claim a rescisión of the contract. The vendor was liable upon his warranty of title, for the purchase money and interest, if he had no title at the time of the sale; but as his title was valid to a certain extent, and could be made perfect by a re *155 moval of the incumbrance which the mortgage had created, the duty of effecting that removal devolved upon him, and determined the measure of his liability. In the case of Davis vs Logan, (5 B. Monroe, 341,) it was decided that a covenant of general warranty contained in a conveyance of land in fee simple, was broken by a recovery of dower by the widow of one previously seized, and that the value of the dower interest regulated the extent of the liability of the vendor upon his covenant of warranty. The cases bear some resemblance, and the views expressed in this opinion are sustained by the principles recognized in-that decision.
W sold to S a sltne upon which G held a mortgage, G brought suit to foreclose, Sgave bond for the forthcoming of the property, but failed to surrender it to satisfy the decree, G brought suit upon ihe bond and recovered Ihe amount of the mortgage debt, and costs 'ol the suit in chaneeiy and at law.— Held that W in a suit by S was not liable to S for the costs of the suit at law upon the bond for failing to deliver the slave, but only for the amount of the mongage debt and suit in chancery to foie, close.
The opinion heretofore delivered in.this case, reversing the decree dismissing the cross bill, and remanding it for further proceedings, did not define or determine the rights of the vendee, or the liability of the vendor. But to manifest the right of Short to maintain his- cross bill against Western, the Court remarked that “Short was entitled to the surplus of the proceeds of the sale of the slaves after satisfying the mortgage, and had a right to look to Western for the residue of the purchase money which he had paid him for them.” The inference from which was that he could maintain his cross bill, to obtain a decree over against his vendor, but as the proper parties had not been brought before the Court the cause was remanded, for that purpose. The decree for the sale of the slaves had not then been satisfied, and the remark made by the Court, had reference to the then state of the case, and to the supposed event of a sale of the slaves to satisfy the decree ; but no question was made, or opinion expressed by the Conrt in relation'to the vendors right to have the slaves sold under the decree to pay the mortgage debt,and the purchase money due to the vendee.
Although however the vendee had a right to pay the balance due upon the mortgage, and thereupon compel his vendor to refund it to him, yet as the amount had been ascertained by the decree in the suit brought upon the mortgage to which suit Western was a party, it *156 was the duty of Short either to have paid the decree or to have surrendered the slaves that they might have been sold for its payment, and having failed todo either, and permitted a suit to be brought upon his bond for the forthcoming of the property, he cannot be allowed to hold his vendor responsible for the costs of that suit» and to that extent the decree against Western is erroneous.
McLarning for appellant; Gates for appellee.
Wherefore the decree is reversed, and cause remanded that a decree may be rendered in conformity with this opinion. The appellant is only entitled to one half of his cost in this Court.