CASE 76—ACTION FOR AN INJUNCTION.—FEB. 11.

## Kentucky Union Co., &c. v. Cornett, &c.

### APPEAL FROM PERRY CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. REVERSED.

VOID. LAND PATENT—DISCLAIMER OF TITLE TO LAND—JUDGMENT OPERATING BY WAY OF ESTOPPEL AS AGAINST STRANGERS TO ACTION—EXTENT OF POSSESSION—EFFECT OF CREATING NEW COUNTY.

Held: 1. Patents embracing land not vacant are void.

2. In an action by the grantee in a deed against the grantor to quiet title to land claimed by plaintiff as embraced in the deed, in which defendant denied that he claimed the land, and admitted that he had conveyed it to plaintiff, a judgment quieting plaintiff's title creates an estoppel running with the land, operating to vest in plaintiff all of defendant's title, without regard to the construction of the deed, even as against persons not parties to that action unless they claim under a deed executed by defendant prior to the institution of the action.

3. A patentee who actually settled on -the land embraced in his patent was in possession to the extent of his boundary, and the subsequent creation of a new county including a part of the land did not interrupt this possession.

W. B. DIXON, MARCUM & POLLARD, AND JAS. H. HAZELRIGG, FOR APPELLANTS.

J. J. C. BACH, FOR APPELLEES.

(No briefs.)

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

On February 5, 1848, a patent was issued by the State to Isham Stamper for a tract of land containing 12,000 acres by survey, bearing date July 24, 1846, lying in Perry county. Stamper settled on his patent, and while he was living on it the county of Letcher was formed, which embraced a part of his patent boundary. After this, on May 3, 1882, Stamper, while so holding the land, gave option for "all that portion of the 12,000 acres described in the patent from the Commonwealth of Kentucky to Isham or Isham Stamper issued on the 5th day of February, 1848, and recorded in Book 22 page 185, of the records of the Kentucky land office, as lies in the county of Perry, supposed to contain 10,000 acres; that portion of the 12,000 lying in Letcher, supposed to be 2,000, being reserved." Pursuant to this option. Stamper, on June 1, 1882, conveyed by deed to Thomas G. Stewart, appellant's vendor, "all that part of the Isham Stamper 12,000-acre patent lying in the county of Perry and State of Kentucky described it as follows." Here follows a boundary by courses and distances, and then these words: "The patent referred to having been issued February 5, 1848, and recorded on page 185 of Book number 22, in the office of the register of the land office at Frankfort, Kentucky, —together with the appurtenances to the same belonging." Before the deed was made, they had the land surveyed by a

local surveyor for the purpose of ascertaining definitely
the quantity of land embraced by the patent which lay in
Perry county, and the boundary given in the deed is the
survey thus made.   Neither Stamper nor Stewart was pres-
ent at the survey.   They relied on the surveyor's assurance
that it was correct.   It turned out that he began his sur
vey four miles from the beginning point of the patent, thus
leaving out a large part of the patent land, and including
in the survey a large body of land that was not included
in the patent.   It is insisted for appellant that the false
part of the description in the deed may be rejected, and
that the deed, on its face, is sufficient to cover that part
of the patent which lies in Perry county, on the ground,
as claimed, that, if we take the boundary given in the deed
in connection with the patent and the other recitals of the
deed, the deed must be construed to embrace this land.   It
is insisted for appellees that the deed only conveys a desig-
nated boundary, and that appellant had no title to any land
outside of this boundary, the actual location of which is
clearly shown by the proof.   The contest in this case is as
to the title to that part of the Stamper patent lying in Perry
county which was not included in this survey.   Appellees
claim the land under patents issuing from the land office
after Stamper's patent was issued.   These patents were
void, as the land was not then vacant.   There is no dispute
that the land in contest is embraced in the Stamper patent,
and no dispute as to Stamper's title to it.   The only ques-
tion is whether appellant has been invested with Stamper's
title.   We do not find it necessary to decide upon the prop-
er construction of the deed from Stamper to Stewart above
referred to.   After the appellant had obtained a deed from
Stewart for the land, it filed a petition in equity, on Octo-
ber 5, 1896, in the Perry circuit court, in which it set up

that it owned and was in actual possession of all the Stamper patent lying within Perry county; that Stamper was and had been asserting a claim to the land, giving it out in words and speeches that appellant did not own the land; that he had thus cast a cloud upon plaintiff's title, impairing the full, free and quiet enjoyment of the land, and the salable value thereof. Judgment was prayed forever quieting its title, perpetually enjoining Stamper from claiming any part of the land, and ordering him to release his claim to the plaintiff. To this petition Stamper filed an answer denying that he had set up any claim to the land, or done any of the acts alleged in the petition. Then, after setting out the issuance of the patent, and averring that it was the same referred to in the petition, he alleged "that on the 7th day of June, 1882, he, by deed properly executed, signed, and delivered to one Thomas G. Stewart, conveyed to said Stewart all his rights, title and interest in and to all that part of said 12,000 acre survey then lying in the county of Perry and State of Kentucky. And he now says that since said 7th day of June, 1882, he has not asserted any claim or title to, nor does he now assert any claim or title to ,said land embraced in the said 12,000 acre patent, lying in Perry county, Kentucky, or any part thereof. Wherefore, the premises considered, defendant prays to be hence dismissed," etc. On this answer the court, on December 20, 1897, entered a judgment as prayed in the petition, forever barring Stamper from claiming title to the land. This judgment is in full force, and it is conceded to bind Stamper; but it is said that a judgment binds only parties and privies, and that it does not bind appellees, who were not parties to the action. The rule that a judgment binds only parties and privies is, of course, conceded; but the question is, does it apply to the facts of this case? Appellees do not claim

under Stamper. If they had deeds from Stamper, made before the institution of the suit in question, then the principle invoked would apply. But there is no question here but that Stamper was invested with the title to the land by the patent from the Commonwealth. That title either remains in him, or has passed from him to appellant by virtue of the deeds above referred to, and the judgment in the action to quiet title. What was the effect of the deed Stamper had made was a question proper to be determined in that case. When he declined to make that question, the judgment operated not only upon him personally, but upon the title, and vested in appellant all the title to the land that Stamper had. It was equivalent to a judgment by confession that Stamper had conveyed all the land to Stewart, and was of the same dignity as an amended deed made by Stamper as of that date, either personally or by order of the court. Thus, in Prescott v. Hutchinson, 13 Mass., 440, the court said: "At common law such a disclaimer was never considered as a bar to the action. So far from showing that the demandant had no right to the demanded premises, it was an acknowledgment of his title. It operated in some respects as a release by the tenant. If two tenants were jointly sued, a disclaimer by one of them generally vested the whole in the other co-tenant. So, if only one was sued, and disclaimed, whatever estate he had was, in effect, passed to and vested in the demandant. He might immediately enter, and would become seized according to the title set forth in his writ, and the tenant would be afterwards estopped from disputing that title. A disclaimer, instead of being a plea to the action, resembles so far a release or conveyance of the land that in general no person could disclaim who was incapable of conveying the land." That the title to the land may be vested by estoppel, and that this estoppel runs with the land, has

been recognized by this court. In Perkins v. Coleman, 90 Ky., 611 (12 R., 501), 14 S. W., 640, this court said: "It is true that where the estoppel merely affects the conscience of the parties, and not the title, it does not operate on strangers to the transaction; but, when it works an interest in the land conveyed, it runs with it, and is a title." See, also, to the same effect, Bigelow, Estop., p. 290; 11 Am. & Eng. Ency. Law, 391; Dodge v. Richardson, 70 Tex., 209 (8 S. W., 30); 2 Herm. Estop., section 672. The judgment in the disclaimer suit therefore created an estoppel running with the land, operating to vest in appellant all the title of Stamper to the land in controversy; and whatever may have been the proper construction of the deed made by him, without that judgment, it must now be held to pass to appellant, by way of estoppel, the entire title of Stamper to the land. Stamper, having taken possession and actually settled on his patent, was in possession to the extent of his boundary. The subsequent creation of the county of Letcher did not interrupt this possession. Simon v. Gouge, 12 B. Mon., 156.

The evidence is insufficient to show an adverse possession of any of the land by appellees, or those under whom they claim, for the statutory period. Appellants are entitled to judgment for the relief sought, and, on the return of the case, the amount of value of the timber cut will be fixed by the trial court. It seems to us the reasonable construction of the record is that the trees in controversy were not cut from any of the exclusions within the Stamper patent. That patent makes no exclusions, but some exclusions are made in the boundary covered by the judgment in the disclaimer suit. Appellants will also be granted a permanent injunction as prayed in the petition.

Judgment reversed, and cause remanded for a judgment as herein indicated.