## Patton v. Stewart.

(Decided January 16, 1917.)

## Appeal from Knott Circuit Court.

1. Adverse Possession—Patents—Junior Included Within Senior Patent.—Land covered by a junior patent which is included in a senior patent is void to the extent of the interference; and actual possession on a part of the land not covered by the senior patent will not be extended so as to cover the land included within the interference without an actual occupancy of it.

2. Adverse Possession—Patents.—Where a person who owns a residence upon a tract of land secures a patent or deed for an adjoining body of land which is unoccupied but covered by a senior patent, he cannot claim by adverse possession this adjoining land unless he actually enters upon and takes actual possession of it.

3. Adverse Possession—Patents—Occupancy.—P. owned a tract of land and procured a patent for an adjoining tract, which patent extended over and lapped upon a senior patent. Held that his occupancy of his home cannot be extended so as to make his possession include the land covered by his patent, especially that portion of it covered by the senior patent.

4. Quieting Title—Action to Recover Land.—In an action to recover land if the defendant claims the land or any portion of it he must say so in his answer, describing that part of it which he claims, if it be less than the whole, and this applies to suits to quiet title or to remove a cloud from a title the same as to ordinary ejectment suits.

5. Quieting Title—Pleading—Prejudicial Error.—Where the defendant in his answer does not claim title to any portion of the land, it is prejudicial error to adjudge him to be the owner of any portion of it, although plaintiff may not have shown himself entitled to recover it.

H. T. BAILEY for appellant.

SMITH & COMBS and H. H. SMITH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant as plaintiff below filed this suit in the Knott Circuit Court against the appellee as defendant below, alleging that he was the owner and in possession of 25 acres of land in that county, and that the defendant had entered upon it and had marked a number of trees and was giving it out and claiming that he was the owner of the land, and plaintiff asked that his title thereto be quieted.

The answer consists of but one paragraph, which is a denial only of the allegations of the petition. After preparation on the issues thus made and submission of the cause, the trial court dismissed the petition, and further adjudged the defendant to be the owner of the land which is described in the judgment, and that he is entitled to the possession of it. From this judgment the plaintiff prosecutes this appeal.

The evidence shows that for many years previous to 1890 the plaintiff was living upon and occupying a portion of a tract of land in Knott county which was patented to Louis Mosley in 1859. In the former year the plaintiff procured a patent from the Commonwealth to other land which he claims lies contiguous to that portion of the Mosley patent upon which he had theretofore resided, and it is his contention in this case that the land in controversy is a part of that covered by his patent of 1890. As to whether this be true, the evidence produces in our minds great doubt; but whether true or not, it is shown beyond dispute that the particular 25 acres involved in this suit lies within the bounds of a patent for 21,800 acres issued to E. C. Duff on April 18, 1873, which was surveyed on October 17, 1872, and that if the boundary of plaintiff's 1890 patent does include the land involved it is within the interference which the latter patent makes with the Duff patent by lapping over on it. Under repeated rulings of this court, which have been made so often as to not call for a citation of authorities, the subsequent patent (of 1890) in so far as it interferes with the prior (or Duff) patent, is void. The only way, then, by which a title may be acquired by the patentee of the interfering patent to the land covered by the lap is by an actual occupancy of it, or a portion of it, claiming to its well-defined and marked boundaries continuously and adversely for the statutory period of fifteen years. Brewer v. War Fork Land Company, 172 Ky. 598, and the long list of authorities cited therein on pages 602-3. The evidence in the record fails to show any such adverse possession by the plaintiff of the interference between the two patents, a part of which is the land involved. It is true he claimed the land in controversy by adverse possession, but he seeks to tack on to his possession of the Mosley patent his claim to the boundary of his 1890 patent, and this is the very thing which the case referred to says he may not do.

Some time after the obtention of his patent in 1890, the plaintiff constructed a new dwelling somewhat removed from his old one, and there is a feeble effort to show that this dwelling, into which he immediately moved, was located upon the patent which he obtained in 1890, but the evidence wholly fails to show that the new dwelling was upon that patent. On the contrary, it shows directly the opposite. It is true that in a way the plaintiff testified that his new residence was on the land covered by the patent issued to him, but it is perfectly manifest that his testimony upon this point is merely the expression of a belief which he entertained, and is not based upon any substantial fact. His son, who is a man over forty years of age, and who assisted in making the survey for the 1890 patent, shows by his testimony that the new residence is not within its boundary, and a surveyor who testified in the case shows the same fact. We conclude, then, that the plaintiff failed to establish title in himself in the land in controversy, and the court therefore properly dismissed his petition.

We fail, however, to find any authority by which the court was justified in adjudging the land to belong to the defendant. Under section 125 of the Civil Code of Practice, subsection 2, the defendant in an action for the recovery of land, if he claims any part of it, must set up that fact in his answer, showing what specific portion he claims. It is true that the provisions of this section are resorted to more frequently in technical suits of ejectment than other character of suits in which the title is involved, but the remedy sought in this case is one provided for the purpose of establishing the plaintiff's title to land, and is to all intents and purposes a suit for the recovery of land, and we are unable to draw any distinction which would permit the provisions of the section of the statute, *supra,* to apply to the one case and not to the other.

It might be insisted that the judgment, in so far as it adjudged the land to belong to defendant, although erroneous, cannot affect the plaintiff, and is, therefore, not prejudicial to him, and that the judgment should not be reversed because of the error, if any. This would be true if the effect of the judgment as rendered could be confined to only a denial of the right of the plaintiff to recover under the facts presented, but it cannot be so confined, because as between the plaintiff and the de-

fendant the land is forever adjudged to belong to the latter, although the defendant makes no claim to the land in his answer. The only facts which he attempted to combat by the answer which he filed were those alleged in the petition entitling the plaintiff to the relief, they being plaintiff's ownership and possession of the land. A failure to establish either of these would have authorized a dismissal of the petition. Subsequent occurrences might happen which would perfect his right to the relief sought, but he could not renew his cause of action under the judgment determining the defendant to be the owner of the land. It was, therefore, prejudicial error to have extended the judgment beyond the dismissal of the petition.

Under the circumstances of this case, and the relief which each party obtains from this court, the cost of this appeal will be equally divided between the parties, which the clerk of this court is directed to do in the taxation of it.

Wherefore, the judgment is reversed, with directions to enter a judgment dismissing the petition only.