## Bates v. Wright.

(Decided December 18, 1923.)

### Appeal from Letcher Circuit Court.

Adverse Possession—Public Lands—Prior Patent Superior where Interference and Junior Patentee can Acquire Title Only by Actual Possession.—Where two patents interfered, the junior patent was void to the extent of the conflict, and the only way the junior patentee could acquire title to land within the interference would be to take actual possession and hold adversely under a claim to a well-defined or plainly marked boundary for the statutory period of 15 years.

F. W. STOWERS for appellant.

R. MONROE FIELDS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In this action of ejectment by T. G. Bates against Nathan Wright, the trial court directed a verdict in favor of Wright, and the correctness of this ruling is challenged by the appeal.

Bates asserted title by deed from S. N. Taylor, who obtained a patent covering the land on May 2, 1887, and also by adverse possession. Wright denied Bates' title, and pleaded title in himself for a portion of the land by adverse possession for more than thirty years. It developed on the trial that, although the land was covered by the Taylor patent, it lay within the interference between that patent and a prior patent issued to English and Campbell. It was also shown that although Bates

had entered under his patent and made certain improvements outside of the interference, he had never entered within the interference. The Taylor patent being junior to the English and Campbell patent, it was void to the extent of the conflict, and the only way that Bates, the junior patentee, could acquire title to the land in controversy was to enter within the interference, take actual possession of a portion of the land and hold same adversely under a claim to a well defined or plainly marked boundary for the statutory period of fifteen years. Trimble v. Smith, 4 Bibb 257; Cumberland Coal Co. v. Croley, 172 Ky. 222, 189 S. W. 198; Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S. W. 130; Patton v. Stewart, 173 Ky. 220, 190 S. W. 1062. As Bates showed no title, either of record or by adverse possession, it follows that the directed verdict was proper.

Judgment affirmed.