## Kentucky Union Company v. Gilliam et al.

(Decided September 23, 1930.)

SAMUEL M. WILSON and B. P. WOOTTON for appellant.

S. E. DUFF and J. K. P. TURNER for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

The appellant, Kentucky Union Company, sued the appellees, John Gilliam and James Rogers, for trespass, and asked an injunction and damages. Its petition was dismissed, the judgment reciting that appellee Gilliam had title to the land in controversy through adverse possession. The relief sought against Rogers, his son-in-law, was as agent who had cut some trees on the land.

Plaintiff claimed title to a certain 12,000-acre tract patented to Isom Stamper, less numerous exclusions. Several cases involving the patent, including the identification of its boundary, have been before this court. See Kentucky Union Co. v. Cornett, 112 Ky. 677, 66 S. W. 728, 23 Ky. Law Rep. 1922; Swift Coal & Timber Co. v. Sturgill, 188 Ky. 694, 223 S. W. 1090; Kentucky Union Co. v. Hevner, 210 Ky. 121, 275 S. W. 513.

Defendant Gilliam asserted title through adverse possession to 243 acres included within the 12,000-acre patent. It is conceded by the appellant that Gilliam's title is superior to its own by reason of senior grants to all but 50.8 acres on the east, and 27½ acres in the west portion.

After establishing the fact that its large boundary encompassed the 243 acres, it was shown by the plaintiff that all of its land had been in possession through its tenants and those of its predecessors many years and they had exercised in a general way supervision of the portions involved, although it does not appear that any other affirmative act was done with respect to it. All of its boundary had been surveyed and well marked. It is admitted that on the McDaniel patent, which is conceded to be senior, Gilliam and his predecessor, Id M. Cornett, and his father before him, had lived for many years. All the buildings and cleared land are on this and other parcels conceded to the appellee.

It was established by the defendants that Robert Cornett claimed and lived in the dwelling house on this

land for many years; that some time before 1899 Robert had given this land to his son Id M. Cornett, and Id M. Cornett's brother testified a deed was executed for it. But the deed was not produced or shown to have been recorded. It was, however, surveyed and processioned to him on March 30, 1899, and the processioner's report was recorded. When surveyed the lines were marked clearly. Id Cornett was living with his father at. the time, and later married and continued to live there until 1922, when the land was conveyed to appellant Gilliam by Hulda Cornett and her husband, I. D. Cornett. His brother testified that fifteen or seventeen or twenty years before Id Cornett had cut and removed all the poplar trees from the 50-acre tract, and it was otherwise established that those trees had been removed by some one. Gilliam's deed shows Hulda Cornett derived title from I. S. Horn by a deed of record. No other record title is shown.

While both parties have deeds covering the two parcels in controversy, the appellant shows its complete record title back to the commonwealth, and the appellee shows a record title only from 1902, fourteen years before the institution of this suit in 1916. If the property was in possession of the appellant company when it was deeded to him, the conveyance is void under section 210 of the Statutes. Moren v. Houston, 222 Ky. 785, 2 S. W. (2d) 667. He must therefore have established his title through "adverse possession" as that term is defined and construed by the courts.

It appears from the evidence above recited that with respect to the two parcels in controversy both parties had them marked and held possession in a similar way for more than fifteen years. Before the beginning of that period the defendant's predecessors had logged the poplar trees on one of its parcels. That fact, however, if it had been within the period, could not avail the defendant anything, for it is settled that removal of timber without occupancy or other act evincing a purpose to hold hostile dominion is not sufficient to establish adverse possession or title by one claiming under a junior patent. Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S. W. 130, Ann. Cas. 1917E 629; Ratliff v. Meade, 226 Ky. 209, 10 S. W. (2d) 834; Griffith Lumber Co. v. Kirk, 228 Ky. 310, 14 S. W. (2d) 1075; Maynard v. Lowe, 231 Ky. 258, 21 S. W. (2d) 285; Swift Coal & Timber Co. v. Ison, 231 Ky. 404, 21

S. W. (2d) 659. Neither does the fact that there was a survey of the 243 acres in 1899 and the boundary was well marked help the appellee, for such acts are insufficient to deprive the owner of the legal title to his property. Griffith Lumber Co. v. Kirk, *supra*. Though appellee's predecessors had good title and possession of all the rest of the land claimed by him, as to the 27½ and the 50.8 acres covered by appellant's deed and patents, he did not take such possession as could ripen into title by merely extending the boundary of the tracts on which his residence was maintained by marking lines of the boundary beyond those tracts. Patton v. Stewart, 173 Ky. 220, 190 S. W. 1062; Fields v. Wells, 224 Ky. 620, 6 S. W. (2d) 1110. While the acts and claims relied on as establishing adverse possession are incidents thereto, no one of them nor all together are sufficient in themselves to constitute adverse holding so as to defeat the title of the true owner. McCoy v. Thompson, 172 Ky. 794, 189 S. W. 1139.

Some of the rules as to the extent of possession under conflicting claims are collated in Kentucky Union Co. v. Hevner, 210 Ky. 121, 275 S. W. 513. It is there shown that possession under a patent or a legal conveyance is, by construction of law, coextensive with its boundary properly located, while an adverse claimant is deemed to acquire actual possession of the land by physical occupancy or certain equivalent acts. The appellee as such adverse claimant did not establish his right to the two parcels in controversy.

The judgment awarding him title thereto is erroneous, and is therefore reversed, with directions to enter a judgment in accordance with this conclusion.