## Leatherwood Lumber Co. v. Hogg et al.

(Decided June 9, 1933.)

SAMUEL M. WILSON and B. P. WOOTTON for appellant.
W. C. EVERSOLE and EVERSOLE & EVERSOLE for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The plaintiff, Leatherwood Lumber Company (now appellant), brought this suit in equity against the appellees (defendants below), George Hogg and George Watts, complaining of trespasses alleged committed by the defendants in entering upon a certain tract of land in Perry county, Ky., and cutting and removing therefrom timber, claimed to belong to the plaintiff, and seeking to enjoin such trespasses and to recover damages for the injuries inflicted by such taking and trespassing and that plaintiff be adjudged the owner of all the timber measuring 14 inches and up on the said tract of land.

The defendants filed answer, traversing the allegations of the petition.

Plaintiff, however, deeming the acreage described in its original petition, including nearly 3,300 acres as too general, filed an amended petition, confining its description of the land claimed to a tract of some 538 acres as directly involved in the instant controversy, to which the appellees, hereafter called defendants, filed answer and counterclaim, setting up a claim of title to the land and timber inside the smaller boundary as therein described.

Upon a submission of the cause for judgment, the court adjudged that the plaintiff's petition and amended petition be dismissed and that the defendants, Hogg and Watts, appellees, be adjudged upon their answer and counterclaim the owners of all the standing merchantable timber upon the boundary named in the petition, as being the same boundary or part thereof conveyed Jonah Ison by G. R. Cornett and Mason Cornett, April 28, 1884, through whom they claim chain of title.

From this judgment, the plaintiff, Leatherwood Lumber Company, has appealed.

This suit is a companion suit to the case of Kentucky Union Co. v. Bertha Kelly Beatty, decided by this court on June 2, 1933, as appears in 249 Ky. 544, — S. W. (2d) — . The instant case and that case for the most part involve the same questions as to the boundaries and location of the patents under and through which the parties litigant here claim to have derived their interest and title to the land in controversy.

Checking the description of the land here claimed by the defendants with the maps in the record, it is manifest that a considerable portion of the boundary claimed by the defendants lies north of and therefore outside the boundary described by plaintiff (now appellant) in its amended petition, and as to such boundary so described and claimed by defendants in their answer and counterclaim thus shown lying outside the boundary claimed by plaintiff, of course, no claim thereto is made. By the maps and testimony in the record, it is shown that the parcel of land on which the timber here in controversy is located contains approximately

45 acres, located on a tributary of Big Leatherwood creek, referred to in the record as "Mill Branch" or "Mill Hollow."

Reference to the parcel of land involved in the companion suit of the Kentucky Union Co. v. Bertha Kelly Beatty, supra, and the parcel of land here in dispute shows that the land in controversy lies to the north and east of the said Bertha Kelly Beatty tract and consequently is much farther removed from the patent lines which constitute the extreme eastern boundary of the tract in litigation in the Beatty suit, supra, as by the decision of this court in the latter case there was fixed and determined, in harmony with its earlier adjudications, the proper "location upon the ground" of what is termed the Isham Stamper patent, No. 10899 of 1848, and also the location within its exterior boundaries of the three senior patents granted Sampson Brashear, pursuant to his surveys of 1837, 1839, and 1844, respectively, and which were, by the express terms of the aforesaid Stamper patent, made superior exclusions therein. Further, in this Beatty Case, supra, it was adjudged that line 15, extending north and south of the Brashear patent No. 3845, granted Brashear in 1842 upon his survey of 1839, represented the true division line between the extreme eastern boundaries of the aforesaid senior Brashear patents and the western boundary of the Kentucky Union lands, derived and held by it under the said Isham Stamper 12,000-acre patent No. 10899.

Of these grants and surveys considered and again located in the Beatty Case, supra, there are here materially involved only the Isham Stamper patent No. 10899 of 1848 and the Sampson Brashear patent No. 3845, granted July, 1842, upon survey of October, 1839. Therefore, whatever title the plaintiff, Leatherwood Lumber Company, may have in the timber or the Kentucky Union Company, its grantor, may have in the land here in controversy, it must be derived from the Isham Stamper patent No. 10899, and whatever title the defendants or either of them may have to any land or timber in controversy, it must be derived from and under patent No. 3845 for 200 acres, granted Sampson Brashear in July, 1842.

It is admitted by the defendants that plaintiff's

grantor, the Kentucky Union Company, has a good and sufficient title to the aforesaid Isham Stamper survey and grant, yet the several instruments in its chain of title thereto have been filed in proof by it, showing same. It is also shown by the record that the Kentucky Union Company sold the 14-inch timber in question to D. L. Walker and others by a certain deed filed in the record and that the said grantees resold said timber to the plaintiff company by certain deeds also filed in the record. From this it follows that there can be no question as to the superiority of plaintiff's title thereto unless it is shown that defendants have a better title to all or some part of the tract in controversy, either derived under earlier grants or acquired through actual possession thereof for the statutory period under claim of title adverse to the Kentucky Union Company.

The defendants in their answer and counterclaim raise the question as to the correct location on the ground of the aforesaid Isham Stamper 12,000-acre patent No. 10899, but we consider such contention clearly ineffectual as the location of this Stamper patent has several times been contested and uniformly, when brought before this court, its location has been adjudicated and definitely fixed in accordance with the claim of plaintiff as here made and as was again just so decided in the companion Beatty Case, supra. See, also, Kentucky Union Co. v. Gilliam, 235 Ky. 316, 31 S. W. (2d) 388; Kentucky Union Co. v. Hevner, 210 Ky. 121, 275 S. W. 513; Swift Coal & Timber Co. v. Sturgill, 188 Ky. 694, 223 S. W. 1090; Kentucky Union Co. v. Cornett, 112 Ky. 677, 66 S. W. 728, 23 Ky. Law Rep. 1922; Kentucky Union Co. v. Cornett, 248 Ky. 360, 58 S. W. (2d) 655.

From our examination of the several maps found in the record, prepared and filed by the surveyors, witnesses Ward and Boggs and earlier surveyors of the Kentucky Union Company or their predecessors in title, which were duly approved by us in the Beatty Case, supra, as showing the proper and true location both of the Isham Stamper patent and of the Sampson Brashear senior patents embraced within its exterior boundaries, it is clearly shown that that part of the tract in controversy claimed by the defendants and described in their answer and counterclaim is separated from the boundary of the plaintiff, Leatherwood Lumber Com-

pany, by the eighth or northern line of the Isham Stamper patent No. 10899 and also by the fifteenth line of the Sampson Brashear patent No. 3845. Having approved such lines as representing both the true location of the exterior north boundary line of the Stamper patent and also of the correct eastern division line of the Senior Brashear patents, such showing clearly demonstrates that such part of the tract in controversy as is shown separated by such division lines is the property of the appellant and that it is the owner thereof and entitled to recover the timber on the boundary described in its amended petition, unless same has been lost to it through the adverse possession thereof by the defendants or those under whom they claim. However, we find no merit in this contention that they, the appellees, have acquired title by adverse possession of this tract in controversy, situated, as shown by the maps and testimony of record, upon the upper headwaters of Mill Branch. This tract in controversy of approximately 45 acres, which is part of the lands conveyed by William and G. R. Cornett to Jonah Ison, is nowhere shown in the record to have been ever actually or adversely held either by the defendants or those under whom they professed to claim. The only witness introduced by the defendants to show any actual possession of the tract here in controversy, was one Henry Pratt, an aged citizen of the county, who expressly testified that he did not think that any clearing had ever been done in Mill Hollow and that the house and clearings of Lee Daniels was not within the defendants' disputed boundary but was upon other lands across the creek. By no witness for the defendants was it testified or claimed that the clearings, inclosures, buildings, or other improvements made or alleged to have been made within defendants' boundary were not entirely outside of the boundary here claimed by the Kentucky Union Company, the involved timber of which is now claimed by the appellant, but were all shown to lie inside of grants or surveys senior to the Isham Stamper grant and therefore inside of boundaries never claimed by appellant or its grantor, the Kentucky Union Company. In the absence of any showing of any entry and taking of actual possession by the defendants or by those under whom they claim, the mere fact of their holding to marked boundaries under deed claimed but not pro-

duced or of their sporadic taking of timber therefrom from time to time would not constitute such a taking and holding of possession adverse to appellant as would ripen into a title by reason of such holding. To such effect, on substantially similar evidence and facts, was it held and decided in the companion Beatty Case, supra.

Therefore, from a consideration of the whole record, we are of the opinion that all that part of the tract claimed by appellees (defendants below) which lies above or to the north of said eighth line of said Isham Stamper patent No. 10899 and consequently outside of said patent, and all that part of the tract claimed by appellees which lies to the west of the aforesaid fifteenth line of the said Sampson Brashear patent No. 3845 belongs to appellees or to other person or persons unknown. On the other hand, all that part of the tract, and the timber thereon within the prescribed dimensions, claimed by the defendants which lies below or south of said eighth line of the Stamper patent and inside of said patent and which also lies east of the aforesaid fifteenth line of the said Sampson Brashear patent No. 3845, as located and designated by the maps of W. A. Ward, Nos. 1 and 2 in the record, and claimed by the plaintiff and its grantor, the Kentucky Union Company, is found and declared to be the property of and owned by the appellant and its grantor, Kentucky Union Company, under title derived from the said Isham Stamper patent.

It is therefore adjudged that the learned chancellor's holdings, being not in accord with our conclusions here reached, his judgment is reversed, with directions to award the appellant, the Leatherwood Lumber Company, the tract of timber claimed by it and to enjoin the appellees from trespassing thereon and to dismiss their counterclaim and that appellant recover its costs expended in this action.