## Turner, et al. v. Spicer, et al.

(Decided April 24, 1923.)

### Appeal from Breathitt Circuit Court.

1. Arbitration and Award—Dispute as to Land Title May be Arbitrated.—A contest over the title to land is one which may be determined by an arbitration under the common law.

2. Boundaries—Conveyance is Unnecessary to Validity of Award in Arbitration of Boundary Dispute.—It is not essential to the validity of an award in an arbitration of a boundary dispute that a conveyance be made or ordered to be made, but, when the arbitrator decides to whom the land belongs, the award acts as an estoppel, and precludes the losing party and those claiming through him from denying the superior title of the other parties.

3. Boundaries—Parties May Settle Dispute by Agreement.—Where the dividing line between two tracts of land was uncertain, and there was a bona fide dispute as to its location, the adjoining landowners are bound by an agreement between them as to the dividing line, which was executed by marking the line and acquiescing in it for a considerable time.

4. Boundaries—Settlement of Dispute by Arbitration Held Binding.—Where adjoining owners had settled a previous suit to determine the location of the boundary line, in which there was a bona fide contest as to the correct location, by agreeing that the lines should be determined by two individuals, who had subsequently fixed the boundary line and marked it on the ground, and had been paid for their work, and the suit was dismissed in consequence thereof, the parties were bound by the line so fixed, and the grantee of one of them cannot, after the line had been acquiesced in for some time, dispute that it is the true boundary.

A. FLOYD BYRD for appellants.

McGUIRE & McGUIRE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On January 1, 1842, William and Sallie Haddix conveyed to Esther Spicer a tract of land on a tributary of the Middle fork of the Kentucky river. On July 11, 1874, Esther and William Spicer, her husband, conveyed the land to their son, Granville Spicer, but reserved a life estate therein.

On April 23, 1856, Daniel Breck and J. W. South conveyed to Wesley Turner, Sr., father of Ellis Turner, a tract of land on the Middle fork of the Kentucky river.

On January 15th, 1909, there was pending in the Breathitt circuit court an action between Granville Spicer,

as plaintiff, and Wesley Turner, Sr., as defendant, in which they both claimed ownership of the tract of land involved in this action. On that day Granville Spicer and his attorney, O. H. Pollard, and Wesley Turner, Sr., and his attorney, D. B. Redwine, met at Judge Redwine's office and entered into the following agreement which was prepared by Judge Redwine, signed by the parties and attested by the attorneys:

"By agreement of the parties plaintiff and defendants hereto this cause is now settled upon the following terms, viz.: The land in controversy is to be equally divided between plaintiff, Granville Spicer, and defendant, Wesley Turner. W. H. Blanton and Jerry Reynolds are hereby agreed upon to make the division and locate a dividing line between said parties. They will make said line having due reference to quantity and value, and that is the line between the respective parties is to be run from Spicer's Branch up the hill through the land in dispute in such a way that the portion allotted to each will be of equal value.

"All timber which has been cut from the land in controversy and is now lying on the land shall belong to the party to whom on which it is now lying and considered in connection with the land and in valuing the same. This cause is to be dismissed settled, each party to pay his own cost.

"In testimony whereof witness signatures of parties, this January 15th, 1909."

Though Wesley Turner, Sr., deposed that he would not have anything to do with it because Blanton and Reynolds would not divide the land according to the agreement, he admits the agreement and that Blanton and Reynolds went on the land for the purpose of dividing it, and that he paid Blanton for his services. On the other hand, Judge Blanton testified that either the original agreement or a copy thereof was given to him and Reynolds by Judge Redwine, and that they went on the land, made the dividing line, marked the trees and drove stakes to show where it was. They then told each party where they had made the line, and subsequently reported to Judge Redwine and Mr. Pollard, who approved their action, and there was no objection by either party to what they had done. In accordance with the agreement the case was then dismissed, and no further steps were taken therein. Thereafter Willis Spicer, who subsequently received a deed to the land in controversy, together with

other land, built a fence along the line marked by Blanton and Reynolds and cut ties from the land. He also put in a garden on the land which was afterwards destroyed at night.

In the year 1912 Edward Turner's son, Wesley Turner, Jr., entered on the land above the agreed line and began cutting trees. On March 2, 1912, this action was brought by Willis Spicer, Granville Spicer and Elizabeth Spicer against Edward Turner, Ellis Turner, Wesley Turner, Jr., and Wesley Turner, Sr., to recover damages for prior trespass and to enjoin further trespasses on the property. The chancellor held that the agreement between Granville Spicer and Wesley Turner, Sr., in the action of Granville Spicer versus Wesley Turner, Sr., was a final settlement of their claims to the land, and was binding on their grantees, Willie Spicer and Ellis Turner, and that Ellis Turner and Edward Turner were estopped from setting up any claim to the land allotted to Granville Spicer in that settlement. Judgment was then entered awarding plaintiff the land in controversy and perpetually enjoining the defendants from trespassing thereon. The defendants appeal.

Though the proceedings did not conform to the provisions of the Code, we are of the opinion that the arbitration and award can be sustained under the common law. It was formerly doubted whether a contest over the title to land was a proper subject for arbitration at common law, but that doubt has been dispelled, and it is now the settled rule that such contests may be determined by arbitration. In such a case it is not essential to the validity of an award that a conveyance be made or ordered to be made. All that is necessary is for the arbitrators to decide to whom the land belongs. When this is done, the award acts as an estoppel, and precludes the losing party and those claiming through him from denying the superior title of the other parties to the proceedings. Burnett v. Miller, 174 Ky. 91, 191 S. W. 659. As the dividing line was uncertain, and there was a *bona fide* dispute as to its location, it cannot be doubted that if the parties themselves, who were adjoining landowners, had agreed on the dividing line and executed the agreement by marking the line and acquiescing in it for a considerable while, the agreement would have been binding on the parties. Garvin v. Threlkeld, 173 Ky. 262, 190 S. W. 1092. What the parties could do for themselves they could do through others acting by their authority. Here there was not

only a *bona fide* dispute, but an actual controversy in a pending action concerning the location of the dividing line between adjoining landowners. It was doubtful if either the plaintiffs or defendants in that action could show title of record or by adverse possession. It was agreed in writing that Blanton and Reynolds should locate the dividing line, and that thereupon the case should be dismissed settled. Pursuant to this authority they went upon the land, agreed on the line and marked it. True, they made no written award, but having fixed and marked the dividing line, their action was as certain and definite as if they had filed a report in writing. They told the parties what they had done, reported their action to the attorneys who approved of it, and afterwards had the case dismissed. No objection was made to the location of the line by Wesley Turner, Sr. On the contrary, he paid one of the arbitrators and permitted the pending action to be dismissed, and we are not now disposed to hold that he did not acquiesce in the decision merely because he says that he refused to have anything to do with it. After the line was located, Granville Spicer and those claiming through him took possession up to the agreed line, and held it for several years before there was any objection by the Turners. In view of these circumstances, we conclude that Wesley Turner, Sr., and appellant, who claim through him by deed delivered after the award, are now estopped from contesting the location of the dividing line as fixed by the arbitrators, and that the chancellor did not err in so holding. Bell v. Casey, 108 S. W. 261.

Judgment affirmed.