## Shackelford v. Miller.

(Decided December 14, 1926.)

### Appeal from Breathitt Circuit Court.

1. Estoppel—Plaintiff Entitled to Locate Road Over Defendant's Land Cannot Object to Location Made, After Permitting Defendant to Construct and Use Road Without Objection.—Plaintiff, entitled to road over defendant's land to be located where he

might select, permitting defendant to construct and locate road and making no objection to its use for a number of years, cannot claim that road was not located as he desired, and is not entitled to second location of road.  ·

2.  Easements—Plaintiff Entitled to Locate Road Over Defendant's Land Held to Have Located Road Built by Defendant on His Acceptance Thereof.—Acceptance by plaintiff entitled to select road over defendant's land of road built by defendant is in effect a location by plaintiff of road.

KELLY KASH for appellant.

E. C. HYDEN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

The father of J. G. Shackelford and J. D. Shackelford owned a farm in Breathitt county, which after his death was divided between the two sons. The part falling to J. D. Shackelford lay between his brother's land and the road. In the father's lifetime a road out to the highway over J. D. Shackelford's land had been used, but not always on the same location. On May 10, 1910, J. D. Shackelford conveyed his part of the land to James Miller, and in the conveyance there was this provision:

"But an easement or right of way for a road not less than 16 feet wide over and across the premises hereby conveyed and leading from the farm of J. G. Shackelford to the Miller gap is reserved for the use and benefit of said J. G. Shackelford, his heirs and assigns, so long as they may desire same, said easement or right of way to be located wherever he may select. The privilege of entering upon said strip of land for said road at any time the said Shackelford may desire is also reserved for the purpose of constructing and locating said road."

On September 27, 1918, J. G. Shackelford brought this action against James Miller, alleging in his petition that the defendant refused to permit him to locate the road and praying an injunction requiring the defendant to permit him to locate the road. An answer was filed by the defendant, the issues were made up, proof was taken and on final hearing the circuit court dismissed the petition. Shackelford appeals.

The proof shows that after Miller bought the farm in 1910 he went to work upon it improving it. There was no good road out, either for him or for Shackelford. Before going to work upon the road Miller saw Shackelford and said that he would locate the road, as he then indicated to Shackelford, if satisfactory to him. Shackelford said, "Put it anywhere you want to; I can travel it anywhere you can." Miller then went on and located the road as indicated at a cost of about $200.00. Among other things, he built a bridge at the upper end. Shackelford passed while he was building the bridge and agreed to come back and help him. He made no objection to Miller's making the road where it was and passed there a time or two while Miller was at work on it. This all occurred soon after Miller took possession. Shackelford used this road without objection or complaint until not long before this suit was filed, when Miller's son had Shackelford's son arrested on a charge of stealing his pistol. The son on the hearing was discharged, but the bad feeling between the families continued and then some dispute arose about the passway.

Though under the deed Shackelford was entitled to a road not less than 16 feet wide, to be located wherever he might select, he was only entitled to one road and to make one location. When he was called upon by Miller after the latter bought the property to come and locate the road, and told miller to locate it and stood by and saw Miller locate it, and made no objection and used this road for a number of years, he can not be heard to say now that the road was not located as he desired, and he can not ask a second location of the road. He stood by and allowed Miller to spend $200.00 in making the road where it is now, for their mutual benefit. He accepted the location which Miller made and the location made by Miller at his direction, which was accepted by him without objection, was in substance a location by him, for what a man may do by himself he may do by another.

The testimony of Miller and his son as to what occurred between them and Shackelford when Miller located the road is conclusively confirmed by Shackelford's conduct.

Judgment affirmed.