## Standard Elkhorn Coal Company v. Riggs, et al.

. (Decided March 18, 1927.)

### Appeal from Floyd Circuit Court.

1. Pleading.—Allegations of petition to recover damages for wrongful issuing of restraining order preventing the cutting and removal of timber held demurrable as to item alleging damages by reason of decrease in market price of trees, logs, and lumber, as expressing only conclusion of pleader, with no averment of amount of each particular class of timber that pleader was enjoined from cutting and manufacturing or allegation of market value thereof at such time.

2. Injunction.—Damages for wrongful issuing of restraining order against cutting and removing timber are confined to extent of decline in market value of trees and logs that plaintiffs were prevented from manufacturing by issuing of injunction while it was in force or for a reasonable time thereafter, and within which trees and logs could have been marketed by exercise of reasonable and ordinary diligence.

3.  Trial.—Where objection to testimony was overruled, it was un-
necessary for counsel to continue to object to same character of
testimony when given by other witnesses.

A. J. MAY and EDWARD L. ALLEN for apppellant.

COMBS & COMBS and WILLIAMS & JAMES for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On April 23, 1920, the appellant and defendant below, Standard Elkhorn Coal Company, a corporation, filed an equity action in the Floyd circuit court against appellees and plaintiffs below, W. H. Riggs, et al., whereby it sought to establish its title and ownership in and to certain grades and classes of timber standing on a tract of land in that county containing about 200 acres, and to enjoin defendants in that action from cutting and removing the timber in which they were at that time engaged. A temporary restraining order was issued upon the filing of the petition, pursuant to its allegations and prayer, thereby temporarily granting to appellant the relief it sought, and that order remained in force until the final hearing of the cause upon its merits, when it was adjudged that the title or the right to cut and remove the timber in contest was possessed by defendants in that action, and that appellant, who was the plaintiff therein, did not own any of it. The petition was accordingly dismissed, and in the same judgment the court expressly dissolved the restraining order, but provided in the judgment that it should remain in force for 20 days thereafter, within which time application might be made to a member of this court for whatever relief plaintiff in the action might desire.

No application of any kind was made to a member of this court, and on July 23, 1920, the 20 days' time allowed therefor expired. So that, defendants therein and plaintiffs in this action were prevented by the restraining order from cutting and removing the timber for a period of 90 days. On August 13 thereafter they filed this action against appellant and its surety in the injunction bond to recover damages for the wrongful issuing of the restraining order, and in the petition it was claimed that plaintiffs were damaged thereby in the sum of $18,680.00, consisting of a number of enumerated items, two of which were, $13,700.00 "by reason of a decrease in the market price of trees, logs and lumber they (plaintiffs)

were enjoined from removing at the time said order of injunction was served upon them and at the time it was discharged,'' and a second one was for $140.00, representing the amount of a reasonable attorney's fee. All other items going to make up the sum total of the full amount sued for were, upon motion of defendant, stricken from the petition. Before trial plaintiffs amended their petition by increasing the first item above to $14,000.00. Proper pleadings made the issues, and, upon trial before a jury, it under the instructions of the court returned a verdict in favor of plaintiffs for the sum of $10,000.00 under the first item above, and for $140.00, representing attorney's fees. Defendant's motion for a new trial was overruled and it prosecutes this appeal, relying upon a number of grounds for a reversal, but we have concluded to discuss none of them, except those hereinafter mentioned, and to reserve the others without an expression of opinion.

At the threshold we find that the item of $14,000.00 as amended was very defectively as well as imperfectly stated, and as made it was demurrable, and the court erred in overruling defendant's demurrer filed thereto. As couched in the language of the petition it expressed only the conclusion of the pleader. There was no averment of any amount of each particular class of timber that plaintiffs were enjoined from cutting and manufacturing, and, likewise, no allegation as to the market value of any class at the time the injunction was obtained and plaintiffs were stopped from marketing it. Neither was there any allegation as to the time any such market values declined nor the point to which the decline, if any, went.

If, however, the allegations of the petition were not deficient in the respects mentioned, and they had been sufficient in law to withstand the test of a demurrer, then the measure of plaintiffs' damage was confined to the extent of the decline in market value of the trees and logs that plaintiffs were prevented from manufacturing by the issuing of the injunction while it was in force or for a reasonable time thereafter and within which the trees and logs could have been marketed by the exercise of reasonable and ordinary diligence. Instead of confining the testimony to those issues the court permitted plaintiffs to prove by themselves and their witnesses, over the objection of defendant's counsel, the profits they would

have made had they been permitted to continue the operation of their sawmill in manufacturing lumber from the timber. It is true that such testimony on some occasions was not objected to, but it was done while plaintiff, W. H. Riggs, was giving his testimony, and the court overruled the objection and permitted him to testify thereto. It was, therefore, unnecessary for counsel to continue to object to the same character of testimony when given by other witnesses. The measure of recovery sought to be established by the testimony referred to was upon the theory that defendant, who was plaintiff in the injunction suit, *converted* the timber and all of the rights of plaintiffs therein to its own use, or otherwise deprived them altogether of their rights in and to it the same as if it had been totally destroyed and obliterated, and which is in direct conflict with the averments of the petition on the measure of damages as well as in conflict with the law upon the subject.

It will be noted that plaintiffs, who were enjoined, still owned and possessed their same rights in the timber when the injunction was dissolved as they did before it was issued. The only thing that happened to them was that they were prevented by the injunction from appropriating the timber in the manner they were doing for a space of 90 days. If there was any decline in the market values during that time then plaintiffs were damaged to the extent of such decline, but they did not thereby have the right to hold appellant liable as for conversion, or upon any other theory based upon an absolute appropriation of plaintiffs' rights in and to it. It is true that the instructions did not submit in terms the item of profits, nor authorize a verdict therefor, but, since plaintiffs' testimony was almost entirely directed to proving such losses, with the approbation of the court, it can not be said that the verdict was not affected thereby. Moreover, there was no testimony by any witness as to the minimum market value of any of the articles involved at any time, since, we repeat, no witness gave any such figures or amounts, and, unless the jury took into consideration the profits above mentioned, there was no basis whatever for its verdict of $10,000.00 or any other amount upon this item, and for that reason also the verdict was not only excessive but likewise flagrantly, and we might say, wholly, against the evidence, and which was another ground relied on for reversal.

Wherefore, the judgment is reversed, with directions to grant the new trial and for proceedings consistent with this opinion. Other questions expressly reserved.