## Pursifull v. Miracle et al.

(Decided February 22, 1929.)

(As Modified, on Denial of Rehearing, April 19, 1929.)

MARTIN T. KELLY for appellant.

JAMES H. JEFFRIES for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming in part and reversing in part.

There is involved in this controversy a strip of land about 435 feet wide at the lower end next to the Cumberland river, about 300 feet wide at the upper end, or the Dortin line, and about 3,500 feet long. Mary Bell Pursifull claims to be the owner thereof, and she sought by this action against A. B. Miracle et al. to quiet her title thereto, to be adjudged the owner thereof, and to have Miracle et al. enjoined from trespassing thereon. She was unsuccessful and has appealed.

Formerly this strip of land in question, the lands now owned by Mary B. Pursifull and the lands belonging to Miracle et al., all belonged to Mount Pursifull, under one boundary. The western part of this tract was conveyed by Mount Pursifull to John Matt Pursifull in 1857, and the eastern part of it he conveyed to Lewis Pursifull

et al. in 1878. For the convenience of the reader, we have copied these descriptions in parallel columns:

| To John Matt Pursifull | To Lewis Pursifull et al. |
|---|---|
| Beginning at the upper end of the old sand field at a gully, | Beginning at a deep gut the second gut above the meeting house |
| thence up the river to the point of an island, | thence up the Cumberland river with its several meanders to the upper end of the Halcomb field |
| thence N. 11 W. to back line of Dortin land | thence N. 11 E. to the back line of the Dortin tract of land now owned by Pursifull |
| thence down back line to H. C. Pursifull's line | thence with the back line of same to J. M. Pursifull's line |
| thence with his line to the beginning. | thence with J. M. Pursifull's line to the beginning, being all the land now owned by Mount Pursifull on the north side of the Cumberland river. |

By mesne conveyances Mary B. Pursifull has acquired title to the lands conveyed John Matt Pursifull, and Miracle et al. have acquired title to the lands conveyed Lewis Pursifull et al. The second call in the deed to John Matt Pursifull is, "Thence N. 11 W. to the back line of the Dortin land," while the fourth call in the deed to Lewis Pursifull et al. is, "thence with J. M. Pursifull's line to the beginning." These are one and the same line, so Miracle et al. contend, while Mary B. Pursifull contends the line referred to in the fourth call of the Lewis Pursifull deed is not the same line as the one called for in the second call of the John Matt Pursifull deed, but is a line that begins on the Cumberland river about 435 feet east of the second line, called for in the John Matt Pursifull deed, and which strikes the Dortin line about 300 feet east of that second line. Out of this dispute this controversy has arisen. When the John Matt Pursifull land was divided, it was treated as reaching to this eastern line and as including this disputed strip.

This question has been here before, and in the case of Pursifull v. Green et al., 214 Ky. 516, 283 S. W. 1055, we affirmed a judgment fixing the eastern line of the John Matt Pursifull land at the place now claimed by Miracle et al., thus denying Mrs. Pursifull's title to the strip of

land now in dispute. Green is the only appellee in this case who was a party to that appeal, and Mrs. Pursifull contends we reached an erroneous conclusion in that case, and that while that fixing of the line is res adjudicata as to Green, it is not so as to Miracle, and his coappellees, other than Green. Mrs. Pursifull's contention is based on the fact that in 1883 one Calvin Hurst surveyed and marked as a line between the John Matt Pursifull land and the Lewis Pursifull land the eastern of these two lines, the one now claimed by her, and that John Matt Pursifull and Mount Pursifull were both then living, and were present, and pointed out the line. Mary B. Pursifull admits that the line Hurst ran was not the eastern line called for in the deed of 1857 to John Matt Pursiful, but insists it was a line agreed upon by these two men then and which had been agreed upon and accepted by them for many years theretofore, and that we overlooked the possibility that this strip of land between these two lines may have been conveyed by Mount Pursifull to John Matt Pursifull by some deed or deeds that have not been found. The answer to that is that we must decide cases according to the title exhibited. There is no deed exhibited by which Mount Pursifull conveyed to John Matt Pursifull any land east of the land conveyed him by the deed of 1857. In the absence of a bona fide controversy about the location of a line, land cannot be acquired or conveyed by running an agreed line. See Hoskins v. Morgan, 197 Ky. 736, 248 S. W. 210, where this question is thoroughly discussed and settled. Moreover, in 1883 Lewis Pursifull et al. had for five years been the owners of all land east of John Matt Pursifull's line, and if there had been a bona fide dispute then about the location of this John Matt Pursifull line, Mount Pursifull could not by any agreement with John Matt Pursifull fix the location east of the location fixed in the John Matt Pursifull deed of 1857, and thereby deprive Lewis Pursifull et al. of land to which they then had title.

In Pursifull v. Green, supra, we located the line between these properties. There is 1.48 acres of the Green boundary west of this line, which all concede Mrs. Pursifull should have recovered. The judgment appealed from begins by dismissing absolutely Mrs. Pursifull's petition, but further on in the judgment it undertakes to award her the property west of this line. Just how this could be accomplished after her petition had been dismissed is not very clear. Mrs. Pursifull was entitled to

have this 1.48 acres adjudged her by a judgment free from such ambiguity. Therefore the judgment is reversed, with directions to sustain Mrs. Pursifull's petition as to the property west of this line and to enter a judgment awarding that to her. In all other respects, and as to all other parties, the judgment is affirmed.