## Davidson v. Young et al.

(Decided March 13, 1934.)

W. H. LEWIS for appellant.
J. M. MUNCY for appellees.

OPINION OF THE COURT BY STANLEY, COMMISISONER—Reversing.

The appellant, M. V. Davidson, sued the appellees, John C. Young and Nancy Young, to recover the value of some trees which they had cut and removed from his land. The title to the land was brought in issue and the verdict for the defendants effectually determined the title to be in them. The plaintiff appeals.

The land is near the head of Hurts creek, a tributary of the Middle fork of Kentucky river. The plaintiff has had other litigation over his title, which was disposed of in his favor in Coldwell v. Davidson, 187 Ky. 490, 219 S. W. 445. The plaintiff established title to that part of his land involved back to a patent granted by the commonwealth in 1848 to William Feltner. We think the lines down to the creek are embraced in that patent and survey and the several mesne conveyances. The parcel in controversy lies on the north side

of the creek and up to the top of the mountain, the ridge being claimed by the defendants as the line instead of the creek. The defendants are the heirs of Samuel Young, who died in 1897 or 1898. He had a deed from Jasper N. Browning of date September 29, 1893. There was no attempt to go back of that deed. The description is general and contains this clause: "Except what is held by Esaw Howard by older patent." Esaw Howard then owned the plaintiff's land. The defendants, however, claim that their ancestor and his vendor had been in adverse possession of the parcel for a great many years. Browning testified that in 1885 he and Esaw Howard agreed upon the ridge as the line between their property. However, in 1889 both Howard and Browning conveyed the minerals under their lands to Bright. New surveys of both tracts were then made. It is clearly established by the surveyor and others who made that survey, as well as by a surveyor who made a plat for the present suit, that Howard's land went down to the creek or just a few feet beyond it, and that the parcel in controversy is clearly embraced within it. The defendants also had a surveyor make a plat for this litigation, and, while his testimony is in the record, his plat is not here and his evidence is incomprehensible. From the description and calls in the Browning mineral deed to Bright, it would seem that the land now claimed by the defendants bordered on the old Feltner survey, or at least did not reach to the ridge where it was asserted a conditional line had been agreed upon. So, four years after it is claimed there was an agreed line established on the ridge, new surveys were made by the same parties establishing the division line as the plaintiff now places it.

The defendants claim under adverse possession to the ridge; consequently that the plaintiff's deed from Howard in 1902 was champertous. It does not seem to have been sustained. They lived at all times south of the creek and the line claimed and called for by plaintiff's deed. They testified, as did Browning, that the boundary extended to the conditional line on the ridge, and a number of others deposed that such was the neighborhood gossip or understanding. Upon one occasion when the plaintiff Davidson cut a tree for timber, the defendants said it was cut from their land, and testified that the plaintiff promised to pay them for it but never did. He says that it was cut on his own land, and

at that time Mrs. Young pointed out the line as being about where he now claims. There is some evidence as to trees being marked as a boundary on the mountain, but as we understand it that evidence related to a line agreed upon years before between Browning and Muncy at another place. The fact that the party is claiming to a certain line and even has taken timber from the disputed parcel is not enough to establish such possession as will ripen into title. Kentucky Union Co. v. Gilliam, 235 Ky. 316, 31 S. W. (2d) 388.

Waiving the question of competency of the evidence relating to the establishment of the conditional line by Browning and Howard, it would not be sufficient. There must have been some record or possessory title in both parties lapping over or meeting at that point before a conditional line can be established. The conditions necessary to be proved before title to land may be invested and divested by parol agreement with respect to a division line are to be found in several cases. See Amburgy v. Burt & Brabb Lumber Co., 121 Ky. 580, 89 S. W. 680, 28 Ky. Law Rep. 551; Warden v. Addington, 131 Ky. 296, 115 S. W. 241; Ball v. Loughridge, 100 S. W. 275, 30 Ky. Law Rep. 1123; Gardner v. White, 74 S. W. 206, 24 Ky. Law Rep. 2444; Hollingsworth v. Barrett, 89 S. W. 107, 28 Ky. Law Rep. 280; Turner v. Bowens, 180 Ky. 755, 203 S. W. 749; Bordes v. Leece, 183 Ky. 146, 208 S. W. 780; Turner v. Spicer, 198 Ky. 739, 249 S. W. 1038; Pursifull v. Miracle, 228 Ky. 762, 15 S. W. (2d) 505, 506; Kentucky Harlan Coal Co. v. Harlan Gas Coal Co., 245 Ky. 234, 53 S. W. (2d) 538.

We are of opinion that the court should have held as a matter of law that the line claimed by the plaintiff is the correct one; hence that he should not have submitted the case to the jury, but have rendered judgment for the plaintiff.

Wherefore the judgment is reversed.