## Moran v. Choate et al.

(Decided March 20, 1934.)

H. T. SMITH and D. L. McNEILL for appellant.

WEBB & WEBB for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is an action of trespass to real estate, charged to have been committed by the cutting and removing standing timber, of the alleged value of $554.40.

Reed Moran, in his petition against S. E. Choate and the William Allen Lumber Company, averred he was the owner and in the absolute possession of 22½ acres of land in the form of a triangle, lying between the old Kentucky-Tennessee state line, surveyed in the year 1819, and the new line between Kentucky-Tennessee, surveyed in the year 1858-59. And Choate and the William Allen Lumber Company "unlawfully and without any right" went upon it, cut, removed, and appropriated to their own use 154 standing cypress trees, to his damage in the sum of $554.40.

Choate for himself and codefendants traversed the petition. On a trial before a jury, a verdict was returned for Choate and the William Allen Lumber Company, and an order entered dismissing Moran's petition. He is here insisting incompetent evidence was admitted in their behalf, and the jury was incorrectly and improperly instructed. The single question presented by the pleadings is whether Moran's deed, under which he asserts title, embraced the land on which Choate and the

William Allen Lumber Company wrongfully entered and cut the timber. Choate, in his testimony, conceded Moran's deed, admitted the entry, the cutting of the timber and rested their defense solely on a denial that Moran's deed covered the land from which the timber was cut and removed.

Choate admitted Moran's deed embraced the land on which the timber was cut and removed, but claimed he and Moran's predecessors in title, inter se, agreed on a persimmon tree as the corner of the Moran land and the land owned by Choate. He claimed Hale, who owned land adjoining the Moran land, agreed with him on a dividing line between their respective land, which was an extension of the line between the Moran land and his (Choate's), and also the line running from the persimmon tree corner had been claimed by him many years "under the agreement," and after Moran obtained his deed and took possession thereunder, he and Moran "kinder agreed on the persimmon tree." His language is: "We just agreed on that persimmon tree." "It would still be [the line] if he hadn't brought this suit. We agreed on it there."

Moran objected to this line of testimony. His objection was overruled. He saved an exception. It was not required of him, after making an objection to this particular line of testimony and his objection was overruled and an exception noted, to repeat the objection the same or a similar question propounded to the witness, or to other evidence, tending to sustain the point covered by the objection. Cincinnati, N. O. & T. P. R. R. Co. v. Bennette, 134 Ky. 19, 119 S. W. 181; City of Hazard v. Eversole, 237 Ky. 242, 35 S. W. (2d) 313; Standard Elkhorn Coal Co. v. Riggs, 219 Ky. 51, 292 S. W. 476. That which a party desires to prove as an estoppel, counterclaim, or set-off he must first allege.

Choate, in his answer, saw proper only to deny the right and title of Moran to the land involved or that he then owned it. On the issue thus made, Moran should not have been required to disprove anything nor to prove anything more than the value of the timber, and he held title to the land, as it would give him the right of possession against wrongdoers. Choate and the William Allen Lumber Company, not having pleaded ownership of the land embraced by Moran's deed or any part of it, were not authorized nor entitled to avail them-

selves of any advantage derived from any claim Choate may have had to the land and timber under any title under the claimed agreement with Moran, or Hale, nor with Moran's predecessors in title. Brent v. Long et al., 99 Ky. 245, 35 S. W. 640, 18 Ky. Law Rep. 137; Bailey et al. v. McConnell, 14 S. W. 337, 12 Ky. Law Rep. 473; Middleton et al. v. Commonwealth, 200 Ky. 237, 254 S. W. 754. It is a familiar rule that landowners may by parol agree on a dividing line, where there is room for controversy or where the one relinquishes a part of his boundary or surrenders actual possession to the other. In either case the parties to the agreement, and those claiming under them, are bound by the agreed line. Kentucky Harlan Coal Co. v. Harlan Gas Coal Co., 245 Ky. 234, 53 S. W. (2d) 538. But there must be a disputed question as to the correct location of the boundary line, or doubt as to where the true line is situated; either is sufficient consideration for a parol agreement to fix the line as a definite one, so that after the agreement has been fully executed, it is binding on the parties to it, and those claiming under them. Gardner v. White, 74 S. W. 206, 24 Ky. Law Rep. 2444; Hollingsworth v. Barrett, 89 S. W. 107, 28 Ky. Law Rep. 280; Ball v. Loughridge, 100 S. W. 275, 30 Ky. Law Rep. 1123; Turner v. Bowens, 180 Ky. 755, 203 S. W. 749; Bordes v. Leece, 183 Ky. 146, 208 S. W. 780; Turner v. Spicer, 198 Ky. 739, 249 S. W. 1038. Without a bona fide controversy, or dispute as to superior title, or the true dividing line, or a relinquishment of boundary or surrender of actual possession by the owners of adjoining land, one to the other, land cannot be transferred by parol agreement on a dividing line nor by merely running a line agreed on by parol. Pursifull v. Miracle, 228 Ky. 762, 15 S. W. (2d) 505.

The testimony of Choate as to the agreement to locate to the persimmon tree corner and the line running from it fails to establish a valid and favorable agreement, supported by a consideration, establishing the persimmon tree corner, or the line running from it. Therefore, the objection to the testimony relating thereto was improperly overruled.

The court, on his own motion, gave instructions Nos. 1, 2, and 3, and on motion of defendant X and Y. It is unnecessary to point out the defects in these instructions. They left to the jury the right to determine, without restriction, the title of the land in contro-

versy, submitted affirmative issues favorable to the defendant when there was no pleading presenting them, and also failed to submit what we conceive to be the issue in the case. Embry et al. v. Alford, 161 Ky. 475, 170 S. W. 1196; Thacker v. Howell, 26 S. W. 719, 16 Ky. Law Rep. 134; Seale v. Shepherd, 29 S. W. 31, 16 Ky. Law Rep. 563.

It should be observed this is not an action in ejectment, nor an action of trespass to try title, nor in chancery to settle and locate the disputed line, but only an action in damages for trespass committed by parties claiming no title to the land embraced within the boundary of Moran's deed. The only instructions proper under the pleadings and the evidence were: One to the effect that if the jury believed from the evidence the land in controversy was embraced by the deed of Moran, and the defendants without plaintiff's consent entered thereon, cut and carried away the timber, they should find for plaintiff, unless they so believed, to find for the defendants; another defining the measure of damages; and under still another informing the jury the number of them required to agree on, or sign, the verdict. Thacker v. Howell, supra.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.