## Leslie County et al. v. Davidson et al.

(Decided Nov. 23, 1937.)

L. D. LEWIS, WILL C. HOSKINS and WILLIAM DIXON, JR. for appellants.

J. H. ASHER for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The fiscal court of Leslie county purchased for $150 a right of way through the lands of J. C. Young on which the State Highway Commission constructed a state highway. It was determined in litigation between J. C. Young and M. V. Davidson, after the road had been constructed, that Davidson owned a portion of the land through which the right of way sold by Young extended. Davidson v. Young, 253 Ky. 345, 69 S. W. (2d) 721. Thereupon, Davidson brought this action against Leslie County and the State Highway Commission to recover the sum of $350, the alleged value of the strip of land actually taken, and $150, the resulting damage to the remaining property. The action was properly treated as a condemnation proceeding. The jury returned a verdict for the plaintiff for $200, and, from the judgment entered thereon, the defendants have prayed an appeal to this court. The sole ground relied upon for a reversal of the judgment is that the verdict is excessive.

The appellee owns about 149½ acres of land in Leslie County on Hurts creek, a branch of the middle

fork of the Kentucky river. The strip of land taken by the county for road purposes extends through appellee's land along Hurts creek a distance of 747 feet, and contains 1.23 acres. A narrow strip of land 30 feet wide at its widest point is left between the right of way and the creek. The remainder of appellee's land is on the opposite side of the right of way. The narrow strip cut off from the main body of land by the right of way contains less than one-fourth of an acre. The appellee admits that no damage resulted to the main body of land from the construction of the road, and the only damage claimed, in addition to the value of the land actually taken, is the resulting damage to the strip of land between the right of way and the creek. He claims that this strip has been rendered useless by the construction of the road, and, conceding this to be true, his total damage is the value of this strip and the value of the land actually taken for the right of way, amounting in all to approximately 1½ acres. The proof shows that it is steep, rocky land, unfit for agricultural purposes. A few trees were on it at one time, but these were cut and sold by J. C. Young while he claimed title to the land, and there was no merchantable timber on the 1½-acre tract when the county took possession of it. It appears that appellee has obtained a judgment against Young for the value of the trees cut and sold by him. The proof for the county shows that the land taken and the narrow strip adjoining it were worth about $5 an acre, making the total damages to appellee caused by the taking of the land and the construction of the road approximately $7.50. Appellee listed his entire tract of land for taxation at $400, and he admitted that he paid about $300 for it. He testified that his damages amounted to $350. He arrived at this figure by fixing the value of the land taken at $150, and the value of the timber thereon at $200. He stated on cross-examination, however, that the merchantable timber had been cut and sold by J. C. Young before the county took possession. According to his own testimony, the land had little, if any, value for agricultural purposes. He had sold the minerals, and owned only the surface which was valuable solely because of the timber, and this had been removed. The only other witness introduced by appellee was his son, Hargis Davidson, whose testimony was equally as unsatisfactory. He fixed the fair market value of the entire tract of 149½ acres at $1,500.

He stated that the 1½ acres taken "were about like the average." Accepting his own obviously extravagant valuation, the total damages amounted to $15. As heretofore stated, there is, and could be, no claim for consequential damages to the main body of land. Appellee's damages, under his own testimony, are limited to the fair market value of the strip of land actually taken and the small adjoining strip rendered useless by the construction of the road.

Section 242 of the Constitution, and section 4356t-7 of the Kentucky Statutes, impose liability upon a county for land taken for road purposes; but that liability is limited to damages actually sustained by the owner. What was said in Com. v. Combs, 229 Ky. 627, 17 S. W. (2d) 748, 750 is pertinent here:

> "Under the section of the statute supra, it is made the bounden duty of each county to furnish the rights of way as well as those constructed solely by the county, and which requires of them the payment of judgments in condemnation suits for the acquisition of the rights of way. The same section also requires that such expenditures by the county shall be made from its general fund, and, if verdicts like the one here involved should be upheld and approved, one of two consequences would inevitably happen; i. e., the various counties of the state would become bankrupt, or the construction of highways would have to be abandoned, and a clear and necessary public purpose would not only be obstructed and hindered, but to a great extent prevented, because, forsooth, juries and courts gave unquestioned credence to the opinions of actually interested witnesses, and others though not parties to the immediate litigation [who] have pending similar actions in furtherance of the same public purpose and whose mutual fellow feeling makes friendly witnesses of them all in the trial of all their cases."

The verdict being grossly excessive, the motion for an appeal is sustained, the appeal granted, and the judgment reversed, with directions to grant appellants a new trial, and for further proceedings consistent herewith.