## Hofgesang et al. v. Crawford.

January 9, 1951.

Rehearing Denied March 23, 1951.

H. M. Denton, Special Judge.

Ewing L. Hardy for appellants.

Wilbur Fields for appellee.

VAN SANT, COMMISSIONER—Affirming.

The appeal is from a judgment based on a jury's verdict awarding appellee recovery for a commission in the sum of $2850.00, allegedly earned by him pursuant to a verbal contract in a transaction involving the sale of certain real estate in Louisville owned by appellants. Both appellants seek reversal on the ground that the Court erred: (1) in refusing to direct a verdict in their favor; (2) in refusing to give the second and third instructions offered by them, and, (3) in giving instruction No. 1 on its own motion. Mrs. Hofgesang seeks reversal of the judgment as against her on the additional ground that she is not legally bound by the contract made by her husband, whatever its terms may have been.

The principal issue between the parties was clearly cut. Appellee, a real estate broker, contended below and still contends that Mr. Hofgesang, himself a real estate broker, agreed to pay the commission when the sale was consummated if appellee should produce a purchaser, but without the requirement that appellee should, or the expectation that he would, actually close the deal. Appellants contended below and still contend that, under the contract, appellee was required to close the deal as agent for appellants. The parties are agreed that appellee introduced the property to the eventual purchaser, went with him to view it, and on that occasion and on the site, introduced Mr. Hofgesang to the prospect, as such, in person. They likewise are agreed that appellee did nothing further to consummate the sale. Thus, the ultimate fact for determination was, and is, whether these acts on the part of appellee fulfilled his obligation under the contract. This fact can be determined only by a prior determination of the dispute between the parties in respect to the terms of the contract.

Mr. Crawford testified that he was employed by Mr. Hofgesang as a "birddog," an expression used in

real estate circles to designate a person who merely finds a prospect for another real estate agent to negotiate with. He stated that Mr. Hofgesang, being a licensed real estate broker, indicated that he was desirous of closing the deal in person but did not have time to look up a prospective purchaser; he therefore offered to pay Mr. Crawford the full real estate commission if he would locate a purchaser. Two witnesses corroborated Mr. Crawford's testimony concerning the terms of the contract. Mr. Hofgesang alone testified to the contrary. Thus the evidence was conflicting and the court did not err in overruling appellants' motion for a peremptory instruction.

In instruction No. 1 the Court told the jury: "If the jury believe from the evidence that the defendant, Joseph C. Hofgesang, agreed orally with the plaintiff, B. M. Crawford, that if he would find a purchaser for the property of the defendants, concerning which you have heard evidence, that he would pay said Crawford a regular real estate commission for finding said purchaser, and if you further believe from the evidence that the plaintiff, B. M. Crawford, did bring to the defendant, Joseph C. Hofgesang, the party who purchased said property, and as a result of the bringing of the said purchaser and the defendant, Joseph C. Hofgesang, together said property was sold to said purchaser, then the jury will find for the plaintiff, B. M. Crawford.

"But unless you so believe, you will find for the defendants, Joseph C. Hofgesang and Myrtle S. Hofgesang."

The second instruction offered by appellants and refused by the Court is in the following words: "2. If you further believe from the evidence that the plaintiff, B. M. Crawford, abandoned his efforts to sell said property before any agreement was made between the purchaser and the defendants, then the law is for the defendants and you will so find."

The third instruction offered by appellants recites: "3. If you further believe from the evidence that the sale of said property was brought about by the sole efforts of another broker, even though you may believe from the evidence that such sale was made to the pur-

chaser theretofore produced by the plaintiff, then the law is for the defendants and you will so find."

Appellants did not affirmatively plead abandonment, or that the sale of the property was brought about by the sole efforts of another broker; therefore, they were not entitled to a specific instruction on either of these theories. Moran v. Choate et al., 253 Ky. 470, 69 S.W.2d 994. Under the converse contained instruction No. 1 the jury was required to find for appellants if it believed that appellee under the contract was required to follow through after introducing the prospect to appellants or if it believed the sale was brought about by the sole efforts of another broker.

The cases cited by appellants are not in point because in each the contract of employment embodied the requirement that the broker perform duties other than those required of a "bird-dog," as appellee in this case would be termed in the language of the trade. We are of the opinion that instruction No. 1 covered the issue clearly.

Finally appellant Myrtle S. Hofgesang, complains of the judgment on the ground that there is no evidence to support the verdict against her. Her reasoning is that the contract was made by her husband and co-appellant, and there was no proof that he was her agent or that she had such knowledge of the agreement as would render her liable for the commission by executing the deed to the purchaser. This question was raised for the first time in the motion and grounds for a new trial. Throughout the trial, appellants proceeded on the theory that both were bound by the contract, if either of them was. Instruction No. 1, offered by appellants, was based upon this theory; and, although it was refused in its offered form, it was given in substance. If the case was erroneously submitted as to Mrs. Hofgesang, the Court was led into the error by the instruction she offered, which fact precludes her from relying on the alleged error as a ground for reversal; and, in no event, could she originate the issue after the trial of the case. Nichols v. Board of Councilmen, etc., 111 S.W. 706, 33 Ky. Law Rep. 918.

The judgment is affirmed.