**Lena EVERSOLE, Appellant,**

v.

**MORGAN COAL CO. (a Partnership), Elmer Begley et al. (a Partnership), Howard & Froff Coal Co., Wesley Conley et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 30, 1956.

Rehearing Denied Jan. 25, 1957.

T. E. Moore, Jr., Hazard, for appellant.

A. E. Cornett, Hyden, for appellee.

MOREMEN, Judge.

Appellant, Lena Eversole, instituted four separate actions against four coal mining operators, appellees, to recover damages at the rate of two cents per ton for coal hauled over a strip of her land 25 to 30 feet in width and approximately 600 feet in length. The cases were consolidated. The circuit court awarded appellant the sum of $600 for the strip of land used, and from that judgment, which is for a much smaller amount than would have been recovered on a tonnage basis, this appeal is prosecuted.

Appellant owns a 167 acre tract of land in Leslie County which borders on highway No. 257. She does not live on this land and has leased it for coal mining purposes. A stream known as Ashers Branch traverses her property in its meanderings from west

to east. The bed of this creek has been used as a county road. Not far from this branch and to the north is located an old coal tipple. Former operations had resulted in large quantities of slate and other mining refuse being placed on the land in the vicinity of the tipple and had rendered that particular portion of land unsuitable for farming purposes.

In 1951, Begley & Conley Coal Company, one of the appellees, opened a coal mine near Ashers Branch, approximately one mile west of highway No. 257. In order to reach that highway, it was necessary for the coal company to construct a truck road from its mine down Ashers Branch to highway No. 257. The necessary rights-of-way were acquired, either by purchase or gift, except through appellant's property. The coal companies were unable to acquire a right-of-way through appellant's property and, therefore, instituted condemnation proceedings under KRS 381.580 et seq., to obtain a market outlet for the products of their mine.

The county court appointed proper commissioners who viewed the property and designated the route for the passway. This strip was about 30 feet in width and 1200 feet in length and lay adjacent to Ashers Branch. The county court entered a judgment in favor of Lena Eversole in the amount of $500 for the easement.

After this judgment was entered, Begley & Conley Coal Company, in the early part of 1952, began building a road over this strip. The construction followed and coincided with the strip condemned for a distance of about 600 feet, at which point a deviation was had and the road was constructed on land which lies about 70 feet north of the condemned portion, at the greatest point of divergence. The length of this strip is also approximately 600 feet. After construction was completed, the road was used by Begley & Conley Coal Company and also by three other coal companies who are appellees in this appeal. In connection with this additional use, it should be noted that KRS 381.630 reads in part: "Nothing in KRS 381.580 to 381.620 shall operate to give any person, firm or corporation exclusive use of the passage, but any other person, firm or corporation may use the passage upon paying proper compensation therefor."

In the meanwhile, an appeal was made from the judgment entered in the county court and, upon trial in the circuit court, the amount of compensation for the land taken was raised from $500 to $600. On February 18, 1954, and after judgment was entered in the circuit court, appellant, Lena Eversole, accepted a check for $600 in satisfaction of the judgment.

In the following month, on March 19, 1954, appellant instituted the action described in the first paragraph of this opinion, wherein she sought to recover from the four appellee mining companies the sum of two cents per ton for coal hauled over that portion of the road which did not coincide with the route originally laid out by the commissioners of the county court.

After proof was taken and the case submitted, the circuit court treated the action filed by appellant as a condemnation suit and refused to assess damages on the basis of a charge per ton for transportation of coal across the passway, and held that appellant was entitled to recover reasonable compensation for the strip of land taken, considering the nature and extent of the use, and fixed this amount to be $600.

The $600 awarded was apportioned against the four operators who were using the right-of-way, and included Begley & Conley Coal Company who had originally condemned the strip. We think that no judgment should have been entered against this latter company because the proof is plain and undisputed that at the time the $600 check was paid for the right-of-way across the land, the road had been in use for some time and, upon acceptance of the money, appellant was clearly estopped to deny that the right-of-way was improperly

**54** ■ ▬▬▬▬▬▬▬▬▬▬▬▬▬

located. Shackelford v. Miller, 217 Ky. 132, 289 S.W. 222. However, Begley & Conley Coal Company has not cross-appealed in this case and the judgment will be allowed to stand. The liability of the remaining three appellees for use of the land poses several problems because KRS 381.630, from which we quoted in part above, states that other persons may use the passageway upon making proper compensation for it.

■ The complaint does not seek a condemnation; plaintiff seeks payment only for past use and requests an injunction against future use. The answers filed did not attempt to plead the right under KRS 381.630. The trial court solved this problem by treating the suit as if it were a condemnation proceeding and is apparently supported by the case of Leslie County v. Davidson, 270 Ky. 705, 110 S.W.2d 652. There the fiscal court of Leslie County purchased a right-of-way through land belonging to J. C. Young. It was determined in a suit between J. C. Young and M. V. Davidson, after the road had been constructed, that Davidson owned a portion of the land over which extended the right-of-way which had been sold to the county by Young. Thereupon Davidson brought suit against the county by which he sought to recover the value of the strip taken. This court held that the action could properly be treated as a condemnation proceeding.

Under the circumstances we see no reason why this suit should not be treated as if it were a condemnation suit. Begley & Conley Coal Company obtained a passway across appellant's property and appellant is estopped to assert that the road does not lie upon the easement acquired and, since KRS 381.580 permits other persons to obtain a right to use a passway under provisions of 381.630, it seems the only question that remains is whether or not the court used the proper measure of damage in fixing the compensation for the easement taken. We think he did.

■ In cases such as this one the usual measure of damage caused to a farm by condemnation of an easement is based upon the difference between the market value before and after the easement is taken. Kentucky Hydro-Electric Co. v. Reister, 216 Ky. 303, 287 S.W. 357.

■ We must remember that appellant has already received $600 from the first user for the land taken. Perhaps the measure of damage caused by the use of the three remaining operators should only be the additional diminution of value, if any, on account of the additional use. However, the value of appellant's land by acre was proved to be not in excess of $400 and the entire amount of land taken by this easement, whatever the use, was only about half an acre. It seems clear to us that regardless of what rule of damage is applied, appellant has been amply paid because, under the judgments, she has recovered $1,200 which is more than a fair return, under any rule, for farm land which has previously had its fertility destroyed because of refuse from an abandoned mine.

Judgment affirmed.